**This document was signed electronically on April 3, 2019, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: April 3, 2019**



**ALAN M. KOSCHIK
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 18-52112 |
| GLENN E. HOLDEN and ANN M. HOLDEN, | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Alan M. Koschik |
| | ) | |

## ORDER GRANTING IN PART
## MOTION FOR DAMAGES AND SANCTIONS FOR CREDITOR MISCONDUCT

On September 2, 2018 (the "Petition Date"), debtors Glenn E. Holden and Ann M. Holden filed a petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* On September 18, 2018, Select Portfolio Servicing ("SPS"), servicing agent for creditor Deutsche Bank National Trust Company "Deutsche Bank"), filed a Home Affordable Modification Agreement (the "Agreement") in the office of the Summit County Recorder affecting the Debtors' principal residence at 1050 Shadybrook Drive, Akron, Ohio (the "Residence").

On November 4, 2018, the Debtors filed a Motion for Damages and Sanctions for Creditor Misconduct (Docket No. 23) (the "Motion") against Select Portfolio Servicing ("SPS"), servicing agent for creditor Deutsche Bank National Trust Company "Deutsche Bank"), alleging that the Agreement attempted to create a new postpetition lien on the Debtors' residence in addition to the one already held by Deutsche Bank. SPS filed a response on December 3, 2018 (Docket No. 37) (the "Response").

The Court held a hearing on the Motion on December 19, 2018 (the "Hearing"). Based on the Motion, Response, and the statements of counsel at the Hearing, the Court determined that SPS had committed a technical violation of the automatic stay when it recorded certain documents concerning the Residence postpetition without leave of the Court, but did not attempt to impose a new lien, and did not in fact impose a new lien, on the Residence by recording those documents. The Court imposed sanctions in the limited amount of $500 against SPS.

The parties were unable to reach agreement on the language of a proposed agreed order they committed to prepare at the Hearing. The matter came up for further hearing again on March 13, 2019.

Based upon the foregoing,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors' Motion (Docket No. 23) is **GRANTED IN PART** as set forth herein.

2. SPS is found to have willfully committed a technical violation of the stay pursuant to 11 U.S.C. § 362(a)(3) in recording the Agreement against the home of the Debtors without leave of the Court. Pursuant to 11 U.S.C. § 362(k), the Court imposes sanctions on SPS

2

18-52112-amk    Doc 68    FILED 04/03/19    ENTERED 04/04/19 10:11:29    Page 2 of 3

in the amount of **$500**, which shall be paid to the Debtors, directly or in the care of their attorney of record, no later than **April 30, 2019**.

3. SPS is found not to have willfully attempted to create, perfect, or enforce any lien against the Residence or any other property of the estate in violation of 11 U.S.C. § 362(a)(4), or property of the debtor to secure a prepetition claim pursuant to 11 U.S.C. § 362(a)(5). Therefore, the Motion is **DENIED** to the extent it asks the Court "to render SPS/Deutsche's lien, recorded on September 18, 2018, sixteen days after the Holdens' Chapter 7 petition was filed, void *ab initio*." (Motion ¶ 38.) No new lien was created on that date for this Court to avoid. SPS states in its papers that it only continued an existing Deutsche Bank lien and did not create a new, junior, postpetition lien when it filed the Agreement. The Court concludes that that is the proper interpretation of the Agreement, and to the extent this issue should arise in the future, will hold SPS judicially estopped from asserting that there was a change in the validity, priority, or extent of Deutsche Bank's lien (other than renewing the period before it would expire), or the creation of any new lien, as a result of the recorded Agreement.

# # #